# United States District Court
# District of Massachusetts

UNITED STATES OF AMERICA,

       V.                         CRIMINAL NO. 2006-10214-JLT

SHANE A. SWANN,
       Defendant.

## *REPORT AND RECOMMENDATION AS TO WHETHER AN EVIDENTIARY HEARING SHOULD BE HELD ON THE PETITION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE OR CORRECT A SENTENCE BY A PERSON IN FEDERAL CUSTODY (#46)*

COLLINGS, U.S.M.J.

       The defendant, Shane A. Swann ("Swann"), pled guilty to four counts of an indictment on September 18, 2007.  He was sentenced to 60 months imprisonment on February 27, 2008.  Over a year later, i.e., on March 16, 2009,

Swann, acting *pro se,* filed the instant petition.  In it, he claims that his retained counsel was ineffective because he failed to articulate to him the elements of the offense charged in Count 4 of the Indictment which charged him with possessing four firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

In particular, Swann avers:

> During the plea process, Counsel informed Swann that due to the firearms being located in the residence with the illegal narcotics the legal requirements of a [sic] § 924(c) were met.
>
> At no time did Counsel explain to Swann the elements of the offense of § 924(c).  Counsel also failed to explain to Swann the plausible option of pleading to the offense(s) that Swann was guilty of and taking the 924(c) to either a bench or jury trial. (footnote omitted) There was no plea agreement in this case.
>
> Counsel had a duty to explain to Swann that mere presence of the firearm in an area where criminal activity occurs is not sufficient basis for imposing the mandatory sentencing under § 924(c). United States v. Robinson, 473 F.3d 389, 399 (1st Cir. 2007).
>
> Counsel's failure resulted in Swann pleading guilty to an offense that he did not understand the elements of. [sic] (citations omitted)

* * *

2

> Had Swann known the elements of the offense,
> Swann would have proceeded to trial on the § 924(c)
> count. (citations omitted)

Memorandum of Law, Etc., #47 at 5-6.

Under First Circuit law, claims made in a motion made pursuant to 28 U.S.C. § 2255 are to be denied "...when the record conclusively contradicts them." *United States v. Butt,* 731 F.2d 75, 77 (1 Cir., 1984) *citing Domenica v. United States,* 292 F.2d 483, 484 (1 Cir., 1961); Rule 4(b), Rules Governing § 2255 Proceedings.   In this case, however, the record does not conclusively contradict these allegations.

The fundamental problem is that while the District Judge specifically asked Swann if he understood what was charged in Counts 1, 2, and 3, he failed to ask that question regarding Count 4. (Transcript, September 18, 2007, at 4. ["hereinafter, "Transcript."])  Rather, after telling Swann what the charge was, the District Judge got into a colloquy with the Assistant U.S. Attorney respecting whether the charge carried a term of supervised release and then never got back to asking the defendant if he understood what he was charged with in Count 4.  The next question asked of the defendant was whether he understood what he was facing in terms of punishment if he pled guilty.

3

Transcript at 5.  Further, although the Assistant U.S. Attorney gave a basis in fact, the District Judge never asked the defendant if he agreed or disagreed with any of the facts recited by the Assistant.  Transcript at 12.  This distinguishes this case from the case of *United States v. Cotal-Crespo,* 47 F.3d 1 (1 Cir.), *cert. denied,* 516 U.S. 827 (1995), cited by the Government.  In that case, "...each of the defendants agreed with the prosecutor's detailed summary of the facts the government would prove at trial, which included a description of all the elements of both charges." *Id.* at 6.

In his recitation of the facts, the Assistant U.S. Attorney noted that the charges arose from a search of the defendant's house in New Bedford, stating that in the house, "...the detectives found four firearms, three that were – all four of which were secreted away.  Two were in hollowed compartments of stereo speakers and another underneath the defendant's bed." Transcript at 10. He continued:

> The detectives also found cocaine and cocaine base in various parts of both the house and the car as well as cocaine manufacturing and distribution paraphernalia, the things the Court has seen many times over in other cases.  Blenders, baggies, scales, typical implements of the cocaine trade.

> Three of the four firearms had traveled in

interstate commerce. Three had been manufactured outside the Commonwealth of Massachusetts.

The weapon that was found, the firearm that was found underneath the defendant's bed is one that he was charged in the indictment that he used in furtherance of his drug business, drug distribution business.

We have in the course of the investigation received information from the defendant's former girlfriend who said that he would bring it with him on drug deals, transactions to intimidate people who owed him money and also to ensure his security.

**THE COURT:** He was bringing what with him?

**MR. MITCHELL:** The firearm, the firearm that was found underneath his bed.

The defendant is a, according to his girlfriend, a career cocaine dealer. He moved from Boston to New Bedford approximately 12 years ago and did not hold down any single job except for that of cocaine dealer.

He, as part of his trade would cleverly use a tow truck to disguise the fact that he was going out on drug deals because the last person the police would suspect would be a tow truck driver.

So according to his girlfriend who provided the government with the defendant's business card for a towing business that never existed, the defendant would use the tow truck to drive to places where he would meet up with both buyers and sellers as part of his business. And that's what the defendant did full time.

Transcript at 11-12.

It is of note that Swann's attorney, not Swann himself, stated near the end of the hearing that Swann:

> ...certainly admits to the allegations that there is a factual basis.

> I just want to put on the record he doesn't admit to everything alleged by the former girlfriend, basically to the extent that he never ever had a legitimate business with tow trucks or anything like that but he does for the record admit to the factual basis supporting the indictments [sic] before the Court.

Transcript at 15-16.

While it undeniably true that the Assistant U.S. Attorney's recitation provided a factual basis for a plea to Count IV and set forth evidence which would establish the necessary nexus between possession of the firearm and the drug trafficking crime, the record does not "conclusively" demonstrate that the defendant understood the "nexus" element of the § 924(c) charge. 18 U.S.C. § 2255(b). His petition specifically states the area in which counsel failed to advise him of the law, and while his allegations may be "improbable, [they] cannot at this juncture be said to be incredible." *Machibroda v. United States,* 368 U.S. 487, 496 (1962).

In addition, he specifically states that had he been correctly advised as to what the Government would be required to prove to obtain a conviction on Count IV, he would not have pled guilty but rather would have gone to trial at least on Count IV.

Of course, concluding that the record does not "conclusively" establish that Swann is not entitled to relief does not mean that Swann is entitled to the relief he seeks.  There are clear issues of material fact between what Swann says his lawyer failed to tell him and the advice his attorney states that he did give him.[1]

Rather, the question then becomes whether Swann has shown that an evidentiary hearing should be convened.  The law in the First Circuit was summarized in the case of *United States v. McGill,* 11 F.3d 223 (1 Cir., 1993) wherein Judge Selya wrote:

> We have distilled these principles into a rule that holds a hearing to be unnecessary "when a § 2255 motion (1) is inadequate on its face, or (2) although facially adequate is conclusively refuted as to the alleged facts by the files and records of the case."

---

[1] The Court notes that the attorney's affidavit on the issue at hand is conclusory at best.  All the attorney avers on the subject is that "I also explained to Mr. Swann each of the elements of the charged offenses." (#58-2 at 1)  At an evidentiary hearing, it would be expected that testimony would be elicited as to what precisely the attorney told Swann as to the "nexus" element which would need to be proved to obtain a conviction under § 924(c).

> *Moran v. Hogan,* 494 F.2d 1220, 1222 (1st Cir.1974). In other words, a "§ 2255 motion may be denied without a hearing as to those allegations which, if accepted as true, entitle the movant to no relief, or which need not be accepted as true because they state conclusions instead of facts, contradict the record, or are 'inherently incredible.'" *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir.1984) (citations omitted); *see also* Rule 4(b), Rules Governing Section 2255 Proceedings.

*McGill,* 11 F.3d at 225-226.

With respect to the second part of the rule set forth in *McGill,* as indicated, *supra,* Swann's claims are not "conclusively refuted" by the record. As to the first part, a claim that Swann did not understand the elements of the offense charged in Count IV to which he pled guilty is not inadequate on its face.  As the Supreme Court has stated, if a defendant does not "...correctly under[stand] the essential elements of the crime with which he [is] charged...[his] plea would be...constitutionally invalid." *Bousley v. United States,* 523 U.S. 614, 618-19 (1998).

Accordingly, I RECOMMEND that the District Judge convene an evidentiary hearing to determine whether, in fact, Swann understood the elements of the offense charged in Count IV at the time he entered his plea of guilty.

The parties are hereby advised that any party who objects to this recommendation must file a specific written objection thereto with the Clerk of this Court within 14 days of the party's receipt of this Report and Recommendation. The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections. The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Rule 72(b), Fed. R. Civ. P., shall preclude further appellate review. *See Keating v. Secretary of Health and Human Services*, 848 F.2d 271 (1 Cir., 1988); *United States v. Emiliano Valencia-Copete*, 792 F.2d 4 (1 Cir., 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1 Cir., 1983); *United States v. Vega*, 678 F.2d 376, 378-379 (1 Cir., 1982); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603


(1 Cir., 1980); *see also Thomas v. Arn*, 474 U.S. 140 (1985).

*/s/ Robert B. Collings*

ROBERT B. COLLINGS

December 17, 2009          United States Magistrate Judge